IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CATHERINE L. KING, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:11-cv-1387-BN |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Acting Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER ON**
**MOTION TO ALTER OR AMEND JUDGMENT**

The Court entered Judgment affirming the decision of the Commissioner of Social Security denying Plaintiff Catherine L. King's application for Social Security Income benefits on August 28, 2013. *See* Dkt. No. 28. Plaintiff filed a Motion to Alter or Amend the Judgment [Dkt No. 29] on September 25, 2013, in which she asserts that the Court incorrectly applied a reasonable "probability" instead of "possibility" standard to determine whether new evidence submitted to the Appeals Council was material. *See* Dkt. No. 29; FED. R. CIV. P. 59(e). Plaintiff asks this Court to alter or amend its judgment and to remand under 42 U.S.C. § 405(g) to allow the Administrative Law Judge ("ALJ") to consider the new evidence.

The Court amends its Memorandum Opinion and Order [Dkt. No. 27] upon which the Judgment was based to substitute the word "possibility" for "probability" in the materiality standard of review and to amend its corresponding finding and conclusion accordingly. But the Court finds that Plaintiff is not entitled to a remand

because she did not show good cause for failing to submit the evidence earlier. Therefore, for the reasons stated herein, the Motion to Alter or Amend the Judgment [Dkt. No. 29] is DENIED.

**Background**

Plaintiff's counsel, who was retained after the request for review was denied, sought to reopen the case and submitted additional medical evidence concerning sleep apnea to the Appeals Council. The Appeals Council denied Plaintiff's attorney's request to reopen the case without acknowledging that it had received or considered the additional evidence, *see* Dkt. No. 29 at 1, and the additional evidence was not included in the Administrative Record, *see* Dkt. No. 11 [Administrative Record ("Tr.")]. Plaintiff submitted the additional evidence to this Court in an appendix to her opening brief. *See* Dkt. No. 18.

In its Memorandum Opinion and Order, the Court explained that "[a] court considering the final decision should review the record as a whole, including the new evidence, to determine whether the Commissioner's findings are supported by substantial evidence and should remand only if the new evidence dilutes the record to such an extent that the ALJ's decision becomes insufficiently supported. *See Higginbotham v. Barnhart,* 163 F. App'x 279, 281-82 (5th Cir. 2006); *Gonzalez v. Comm'r of Soc. Sec. Admin.,* No. 3:10-cv-2003-O-BF, 2012 WL 1058114, at *10 (N.D. Tex. Jan. 26, 2012), *rec. adopted*, 2012 WL 1065459 (N.D. Tex. Mar. 29, 2012). New evidence justifies a remand only if it is material. *See Castillo v. Barnhart*, 325 F.3d 550, 551-52 (5th Cir. 2003); *Moore v. Astrue*, No. 3:07-cv-2017-B, 2009 WL 5386134, at

*3 (N.D. Tex. Nov. 13, 2009), *rec. adopted*, 2010 WL 165992 (N.D. Tex. Jan. 13, 2010). Evidence is 'material' if: (1) it relates to the time period for which the disability benefits were denied and (2) there is a reasonable probability that it would have changed the outcome of the disability determination. *See Moore*, 2009 WL 5386134, at *3." Dkt. No. 27 at 17-18. After considering the new evidence, the Court concluded that the new evidence was not so inconsistent with the ALJ's findings that it undermined or would have changed the outcome of the disability determination. *See id.* at 16-19.

Plaintiff argues that the Court applied too strict a standard in determining whether the new evidence was material. The Court reviewed the evidence as a whole to determine whether there was a reasonable "probability" that the new evidence concerning sleep apnea would have changed the outcome. *See id.* According to Plaintiff, the correct standard to be applied in the Fifth Circuit is one of a reasonable "possibility." *See* Dkt. No. 29 at 2.

Plaintiff argues that there is a reasonable possibility that the outcome may have been different because she was found to be disabled in a subsequent social security proceeding based, in part, on the ALJ's finding that she suffers from the severe impairment of obstructive sleep apnea and those findings were based, in part, on the new evidence submitted in this case. *See* Dkt. No. 29; Dkt. No. 29-1. Plaintiff also argues that she had good cause for failing to submit the new evidence to the ALJ in this proceeding. *See* Dkt. No. 29.

Plaintiff asks the Court to alter or amend the judgment and seeks remand under 42 U.S.C. § 405(g) to the Commissioner of Social Security to allow the Commissioner

to fully consider the new evidence. *See* Dkt. No. 29.

**Legal Standards**

A motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) "calls into question the correctness of a judgment." *Templet v. Hydro Chem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (internal citations omitted); FED. R. CIV. P. 59(e). Such a motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Marseilles Homeowners Condominium Ass'n Inc. v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008) (citation omitted). "'Manifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'" *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (quoting *Venegas-Hernadez v. Sonolux Records,* 370 F.3d 183, 195 (1st Cir. 2004). A Rule 59(e) motion may not raise arguments or present evidence that could have been raised prior to entry of judgment. *Simon v. United States,* 891 F.2d 1154, 1159 (5th Cir. 1990) (citation omitted). And it may not be used to relitigate issues that were resolved to the movant's dissatisfaction. *See Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989).

District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). In exercising this discretion, a district court must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Id.* With this balance in mind, the United States Court of Appeals for the Fifth Circuit has observed that Rule 59(e) "favor[s] the denial of motions to alter or amend a

judgment." *Southern Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993). Stated another way, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

**Analysis**

A. The correct standard for determining whether new evidence is material is whether there is a reasonable possibility, not probability, that it would have changed the outcome of the disability determination.

The Fifth Circuit adopted the reasonable "possibility" standard to determine whether new evidence was material in *Chaney v. Schweiker*, 659 F.2d 676, 679 (5th Cir. 1981). In that case, the Fifth Circuit explained that "[t]he requirement of materiality is an important one. The concept 'material' suggests that the new evidence must be relevant and probative. However, not every discovery of new evidence, even if relevant and probative, will justify a remand to the Secretary, for some evidence is of limited value and insufficient to justify the administrative costs and delay of a new hearing." *Id.* (citations omitted). The Fifth Circuit then held "that a remand to the Secretary [of Health and Human Services] is not justified if there is no reasonable possibility that it would have changed the outcome of the Secretary's determination." *Id.* In a footnote, the Fifth Circuit specifically rejected the higher standard adopted by two other circuits: "In construing the meaning of 'material' as we do, we decline to endorse the position taken by the Fourth and Tenth Circuits that such evidence must be reasonably likely to have resulted in a different decision by the Secretary." *Id.* at n.4 (citing *King v. Califano*, 599 F.2d 597 (4th Cir. 1979); *Cagle v. Califano*, 638 F.2d 219 (10th Cir. 1981)).

The Fifth Circuit reiterated its holding in *Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir. 1994) (citing cases using reasonable "possibility" standard and rejecting "more stringent" "likely" standard). In a footnote, the Fifth Circuit distinguished *Pierre v. Sullivan*, 884 F.2d 799, 803 (5th Cir 1989), which it described as a case in which "a Fifth Circuit panel cited *Chaney* but apparently mistakenly used the 'likely' language." *Id.* at n1. The Fifth Circuit went on to explain that, "[w]here decisions conflict, the earlier decision should be followed. So, the 'reasonable possibility' standard for materiality continues to apply in the Fifth Circuit." *Id.* (citations omitted).

It appears that the term "reasonable probability" snuck into Fifth Circuit authority in *Ripley v. Chater*, which held that, "[w]hen new evidence becomes available after the Secretary's decision and there is a reasonable probability that the new evidence would change the outcome of the decision, a remand is appropriate so that this new evidence can be considered." 67 F.3d 552, 555 (5th Cir. 1995) (citing *Latham*, which used correct "possibility" standard, and 42 U.S.C. § 405(g)). Thereafter, courts appear to use the terms "possibility" and "probability" interchangeably when construing the materiality of new evidence in Section 405(g) proceedings. The chain of authority in this case is a prime example. In this case, the Court stated that "[e]vidence is material if ... there is a reasonable probability that it would have changed the outcome of the disability determination," and cited to *Moore v. Astrue*, 2009 WL 5386134, at *3. The *Moore* case cited to *Castillo v. Barnhart*, 325 F.3d at 551-52, which also used the term "reasonable probability and cited to *Ripley*, 67 F.3d at 555, which used the term "reasonable probability." The *Ripley* case cited to *Latham*, 36 F.3d at

483, which used the correct term "reasonable possibility."

The Court concedes that it misstated the materiality standard. Accordingly, the Court amends its Memorandum Opinion and Order [Dkt. No. 27] upon which the Judgment was based to substitute the word "possibility" for "probability" in the first line on page 18 in the sentence concerning the standard under which evidence is construed to determine if it is material. The Court also concludes that the use of the word "probability" instead of "possibility" did not amount to a complete disregard of the controlling law in this case but was a simple mistake in terminology that did not affect the Court's evaluation of the evidence, including the new evidence concerning sleep apnea. *See Guy*, 394 F.3d at 325. That is, the Court previously concluded: "Here, the new evidence – that Plaintiff has moderate to severe sleep apnea – is simply not so inconsistent with the ALJ's findings that it undermines or would have changed the outcome of the disability determination, and the ALJ's decision is supported by substantial evidence." Dkt. No. 27 at 19. Applying the "reasonable possibility" standard, the Court concludes that the new evidence – that Plaintiff has moderate to severe sleep apnea – is simply not so inconsistent with the ALJ's findings that it undermines or leads the Court to believe that there is a reasonable possibility that it would have changed the outcome of the disability determination, and the ALJ's decision is supported by substantial evidence. Therefore, there was no manifest error of law.

B. Plaintiff is not entitled to a sentence six remand.

Plaintiff argues that, applying the correct standard, a different outcome was

possible because the ALJ in a subsequent proceeding found Plaintiff to be disabled based, in part, on the sleep apnea evidence submitted to the appeals council in this case. *See* Dkt. No. 29 at 3-4; Dkt. No. 29-1 at 7-9. Plaintiff seeks a remand under sentence six of 42 U.S.C. § 405(g).[1]

Under sentence six, "[t]he district court does not affirm, modify, or reverse the Secretary's decision; it does not rule in any way as to the correctness of the administrative determination. Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding." *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991) (citing *Sullivan v. Finklestein*, 496 U.S. 617, 626 (1990)). A sentence six remand would be appropriate based on Plaintiff's subsequent favorable decision only if the decision was supported by new and material evidence that Plaintiff had good cause for not raising in the prior proceeding. *See Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 653 (6th Cir. 2009); *see also Bradley v. Bowen*, 809

---

[1]The full text of the sixth sentence of 42 U.S.C. § 405(g) provides as follows:

> The court may, on motion of the Commissioner made for good cause shown before he files his answer, remand the case to the Commissioner for further action by the Commissioner, and it may at any time order additional evidence to be taken before the Commissioner, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming is based.

F.2d 1054, 1057-58 (5th Cir. 1987).

Plaintiff has failed to meet her burden to show that she had good cause for failing to submit the sleep apnea evidence to the ALJ in this proceeding. *See Allen*, 561 F.3d at 653 (holding that Plaintiff has the burden). In her Motion to Alter or Amend the Judgment, Plaintiff directly addresses only the materiality of the evidence concerning sleep apnea, arguing that it was material because there was a different outcome in the subsequent proceeding. *See* Dkt. No. 29 at 4. She does not directly address the other two prongs. *See* Dkt. No. 29. A party seeking a remand to consider new evidence must give a proper explanation of why the evidence was not submitted earlier. *See Chaney*, 659 F.2d at 676.

Plaintiff points to several indirect references in the record at which she claims that sleep apnea was indicated, such as difficulty focusing, fatigue, poor sleep, and lethargy. *See* Dkt. No. 29 at 4-5. Plaintiff also argues that the sleep apnea study "was not performed until July 2008 – over a year after she filed her claim and over four months after her request for hearing" and that "she did not have an opportunity to advise the Commissioner in her application about her new diagnosis," *Id.* at 5. The hearing was conducted May 7, 2009, *see* Dkt. No. 11 at 37, which was after the sleep apnea study, and Plaintiff was given the opportunity to submit new or additional evidence prior to and at the time of the hearing, *see id.* at 82, 89. While there was evidence of a sleep apnea study performed in June 2009, which was after the hearing, most of the evidence that Plaintiff seeks to have the ALJ consider on remand was in existence at the time of the administrative hearing.

Plaintiff also fails to show that she had good cause for failing to submit evidence of sleep apnea earlier in the underlying proceeding. Plaintiff did not offer evidence concerning sleep apnea until she retained counsel after the request for review was denied. *See id.* at 4-7. Her new counsel sought to reopen the case and submitted additional medical evidence to the Appeals Council, including direct evidence concerning sleep apnea studies. *See id.* Acquiring a new lawyer with a new idea is not good cause for a remand. *See Geyen v. Sec. of Health & Humans Servs.*, 850 F.2d 263, 264 (5th Cir. 1988); *Lister v. Astrue*, No. 3-10-cv-I436-BD, 2011 WL 4424390, at *8 (N.D. Tex. Sept. 22, 2011) (holding failure of prior representative to submit evidence is not good cause to justify remand); *see also Culver v. Astrue*, No. 7-C-643, 2008 WL 4103875, at *5 (E.D. Wis. Aug. 29, 2008) (noting that, "'[i]f simple inadvertence constitutes 'good cause,' then the finality and regularity of administrative proceedings would be fatally undermined every time a new lawyer believes additional evidence would be helpful").

**Conclusion**

The Court amends its Memorandum Opinion and Order [Dkt. No. 27] to substitute the word "possibility" for "probability" in the first line of page 18 and to substitute the following for the last sentence appearing immediately before "Conclusion" on page 19: "Applying the 'reasonable possibility' standard, the Court concludes that the new evidence – that Plaintiff has moderate to severe sleep apnea – is simply not so inconsistent with the ALJ's findings that it undermines or leads the Court to believe that there is a reasonable possibility that it would have changed the

outcome of the disability determination, and the ALJ's decision is supported by substantial evidence."

For the reasons explained above, Plaintiff is not entitled to a remand under 42 U.S.C. § 405(g), and the Motion to Alter or Amend the Judgment [Dkt. No. 29] is DENIED.

DATED: November 22, 2013

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE